IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LESLIE G. WRIGHT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-05-1950 |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Leslie G. Wright, has filed a federal habeas petition pursuant to 28 U.S.C. § 2254 challenging his state court convictions. Pending before the court is the Motion for Summary Judgment of Respondent, Doug Dretke (Docket Entry No. 5). Although the motion was filed on September 26, 2005, petitioner has not responded to it.

Petitioner was convicted of two counts of aggravated assault on a public servant pursuant to guilty pleas and was sentenced to 55 years in prison in Cause No. 919,349 and 15 years in prison on Cause No. 919,350. Both convictions and sentences were affirmed on appeal. Wright did not file a petition for discretionary review in either case. Wright's applications for state habeas corpus relief in each case were denied without written orders based on the findings of the state trial court.

In this action Wright contends that his guilty pleas were involuntary because he was not present in the courtroom when his attorney entered the pleas on his behalf, because there were no factual bases for his pleas, because the trial court did not advise him of the range of punishment he faced, and because his trial counsel was ineffective in entering guilty pleas for him.

The records in Wright's state habeas actions, Application Nos. 61,659-01 and 61,659-02, reflect that Wright pleaded guilty to the offenses in both Cause Nos. 919,349 and 919,350. Wright signed a Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession acknowledging facts establishing his guilt for both offenses.  (Application No. 61,659-01 at pages 27 and 28; Application No. 61,659-02 at pages 28 and 29)  In both cases Wright also initialed an "Admonishments" form acknowledging the range of sentences he faced, id. at pp. 29 and 30; signed under oath a "Statement of Defendant" acknowledging that he waived his right to have a court reporter record his plea of guilty; waived his right to have the state judge orally admonish him of the rights he was waiving; and "voluntarily executed this statement in open court . . . ."  Id. at pp. 31 and 32, ¶¶ 1, 4, and 7.  Accordingly, none of Wright's claims have any merit.

Moreover, Wright raised the same claims in his state petitions for writ of habeas corpus, and the Texas Court of Criminal Appeals denied relief based upon findings of fact of the

state trial court that the claims had no merit.  Wright's pending petitions do not contain any bases for questioning the state court decisions under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d)(1) and (2).

For the foregoing reasons, Respondent Dretke's Motion for Summary Judgment (Docket Entry No. 5) is **GRANTED**, and the Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.

**SIGNED** at Houston, Texas, on this 27th day of December, 2005.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE